**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KEITH A. WARREN,

Plaintiff,

v.

KENNETH L. WILLIAMS, *et al.*,

Defendants.

Case No. 3:25-CV-00225-MMD-CLB

**ORDER DENYING PLAINTIFF'S MOTION**

[ECF No. 26]

On November 5, 2026, Plaintiff Keith A. Warren ("Warren") filed a motion titled "Motion to Defendants Response to Plaintiffs Notice to the Court." (ECF No. 26.) The exact relief sought in this motion is unclear, however, it appears Warren is seeking to compel Defendants to produce records from Warren's medical file and alert the Court to Defendants' responses to Warren's kites and grievances. (*See id.*) For the reasons explained below, Warren's motion is denied.

First, to the extent Warren intended to file a motion to compel, the motion is deficient for several reasons. The Local Rules in the District of Nevada dictate that discovery motions will not be considered "unless the movant (1) has made a good-faith effort to meet and confer as defined by LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c). Warren has provided no information as to any meet and confer attempts and the motion may be denied for that reason alone.

Next, the Local Rules also require that motions to compel must "set forth in full the text of the discovery originally sought and any response to it." LR26-6(b). Warren does not so provide, and it appears it would be impossible for Warren to do so as the Court ordered that discovery may commence on November 2, 2026, only three days before Warren filed the instant motion. (ECF No. 25.) The deadline to respond to any

discovery requests is 30 days after the request is served, so any motion to compel responses is premature at this juncture. Therefore, Warren's motion may also be denied for this reason.

However, the Court is compelled to point out that although filing this motion to bring Defendants' responses to his grievances and kites to the Court's attention is improper, *it appears Defendants' responses are also themselves improper* and it very troubled by NDOC's conduct that has been highlighted by this filing. The Court reminds Defendants that Warren has a right to review his own medical records pursuant to the Nevada Department of Correction Administrative Regulation 639.03(2), (4)(a), and it is improper to deny Warren access to his own medical records on the basis that he has filed a federal lawsuit. The denials provided by NDOC staff reference 45 CFR 164.524(a)(1)(ii), which states that an individual has a right of access to inspect and obtain a copy of protected health information about the individual, except for "[i]nformation compiled in reasonable anticipation of, or for use in, a civil, criminal, or administrative action or proceeding." (ECF No. 26-1 at 2-3.) The plain interpretation of this provision allows the facility to refuse to provide information which was composed or collected[1] in reasonable anticipation of or for use in a civil proceeding, not *all information* contained in an inmate's medical record. This clearly does not allow the facility to refuse to provide an inmate with their own medical records that *were created or prepared for the purpose of providing that inmate with medical treatment*. The Court therefore directs Counsel for Defendants to address this issue with the staff involved in these responses and the facility at issue. Continued refusal by NDOC and its staff to comply with its own Administrative Regulations and to deny inmates access to their own medical records may result in sanctions.

///

///

[1] The definition of compile is "to compose out of materials from other documents" or "to collect and edit into a volume." *Compile*, Merriam-Webster, https://www.merriam-webster.com/dictionary/compile (last visited November 10, 2026).

**IT IS THEREFORE ORDERED** that Warren's motion, (ECF No. 26), is **DENIED**.

**IT IS FURTHER ORDERED** that Counsel for Defendants shall address the apparent blanket denial of Warren's ability to access his own medical records.

**IT IS SO ORDERED**.

**DATED**: November 10, 2026.

**UNITED STATES MAGISTRATE JUDGE**